106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Gene RYAN, Defendant-Appellant.
 No. 96-5216.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1997.
 
 Before: LIVELY, MERRITT, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Randy Gene Ryan appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In January 1996, Ryan pleaded guilty to scheming to defraud by means of interstate wire communications in violation of 18 U.S.C. § 1343, executing a scheme to defraud by means of use of commercial interstate carrier in violation of 18 U.S.C. § 1341, and two counts of conducting financial transactions with proceeds of unlawful activities in violation of 18 U.S.C. § 1956. Ryan has filed a timely appeal.
 
 
 3
 On appeal, Ryan's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel submits the following issue for review: whether the district court erred when it sentenced Ryan to the maximum sentence within his guideline range. Ryan has not responded to counsel's motion to withdraw.
 
 
 4
 Upon review, we conclude that Ryan may not appeal his sentence based on the district court's decision to sentence him to the maximum sentence within his guideline range. See 18 U.S.C. § 3742(a); United States v. Lively, 20 F.3d 193, 196-97 (6th Cir.1994); United States v. Lavoie, 19 F.3d 1102, 1103 (6th Cir.1994). Ryan has not specified a particular legal error with the formulation of his sentence.
 
 
 5
 We have further examined the record in this case, including the transcripts of Ryan's plea and sentencing hearings, and conclude that no reversible error is apparent from the record. Ryan voluntarily pleaded guilty. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 749 (1970). The record reflects that, during Ryan's plea hearing, the district court explained the rights that Ryan was waiving, and determined that no additional promises had been made to compel Ryan to plead guilty. The district court also determined that Ryan understood the indictment to which he was pleading guilty, and explained the potential penalty associated with the guilty plea. Moreover, Ryan acknowledged that he had engaged in a deceptive telemarketing scheme in which over 100 victims lost more than $200,000.
 
 
 6
 Accordingly, we hereby grant counsel's motion to withdraw, and we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.